## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., | : | CIVIL ACTION NO. |
| | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| CTH CONTENT COMPANY LIMITED and CTH PUBLIC COMPANY LIMITED, | : | |
| | : | |
| Defendants. | : | AUGUST 10, 2015 |

## COMPLAINT

Plaintiff World Wrestling Entertainment, Inc. ("WWE"), by and through its undersigned counsel, hereby files this Complaint against Defendants CTH Content Company Limited ("CTHC") and CTH Public Company Limited ("CTH") (collectively, "Defendants") and in support thereof states as follows.

## THE PARTIES

1.      Plaintiff WWE is a Delaware corporation having its principal place of business at 1241 East Main Street, Stamford, Connecticut, 06902. WWE is an integrated media and entertainment company principally engaged in the development, promotion, and marketing of television programming, pay-per-view programming, and live arena events featuring its unique wrestling-based sports entertainment programming, and the licensing and sale of branded consumer products featuring its famous brands.

2.      Defendant CTHC is a Thai company having its principal place of business at 96/1 Chaloem Phrakiat Ror 9 Road, Nong Bon, Prawet, Bangkok 10250, Thailand. CTHC is a subsidiary of CTH and is the owner of certain broadcast television channels in Thailand.

3.      Defendant CTH is a Thai company with offices at 96/1 Chaloem Phrakiat Ror 9 Road, Nong Bon, Prawet, Bangkok 10250, Thailand.  CTH, previously known as Cable Thai Holding Public Company Limited, is the parent company of CTHC and a leading operator and provider of cable television and Internet broadband services in Thailand.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.      This Court has personal jurisdiction over Defendants because CTHC consented to jurisdiction in this Court pursuant to Section L(13) of the Standard Terms and Conditions of the International Television Rights License Agreement dated as of November 1, 2013 ("License Agreement").  CTH is bound by the License Agreement because CTHC acted as the agent or alter ego of CTH in connection with this transaction as alleged herein.

6.      Venue is appropriate in this District under 28 U.S.C. § 1391(d) because an alien may be sued in any District.  CTHC also has consented to venue in this District pursuant to Section L(13) of the Standard Terms and Conditions of the License Agreement.  CTH is bound by the License Agreement because CTHC acted as the agent or alter ego of CTH in connection with this transaction as alleged herein.

## FACTUAL BACKGROUND

**The Deal Memo**

7.      WWE and CTHC entered into a Deal Memo dated November 1, 2013, pursuant to which WWE agreed to license certain television programs to CTHC for broadcasting in Thailand

in exchange for payment of license fees in accordance with the terms of the Deal Memo.  A true and accurate copy of the Deal Memo is attached as Exhibit A to the Complaint.

8.      The Deal Memo provided that the parties would use reasonable efforts to conclude a long form agreement embodying the terms of Deal Memo and other customary standard terms and conditions.

**The License Agreement**

9.      WWE and CTHC entered into the License Agreement dated as of November 1, 2013, pursuant to which WWE granted CTHC the exclusive but limited right and license to broadcast certain television programs in Thailand via Pay Television on the broadcast channel owned by CTHC known as CTH Sports Channel and via any other means of retransmission on authenticated platforms owned or controlled by CTHC, subject to the terms, restrictions and limitations set forth in the License Agreement.  The period of the License Agreement commenced on January 1, 2014 and is scheduled to terminate on December 31, 2018.  A true and accurate copy of the License Agreement is attached as Exhibit B to the Complaint.

10.      Section 4 of the License Agreement provides that CTHC was required to pay to WWE a particular license fee for each of the specified television programs to which CTHC was granted rights under the License Agreement.  Section 4 of the License Agreement sets forth the amount of the license fees that CTHC is required to pay each year during the term of the License Agreement and a schedule by which such payments are to be made.  Section 4 also required CTHC to provide a Bank Guarantee in a specified amount each year (generally half of the total amount of license fees due in that year) during the term of the License Agreement and to provide WWE with copies of all documents evidencing such Bank Guarantee.

11.     Section 8 of the License Agreement provides in relevant part that "[t]his Agreement is subject to all of the provisions of the Standard Terms and Conditions that are attached to and made a part of this Agreement."

12.     Section A(1) of Standard Terms and Conditions to the License Agreement provides in relevant part that "[u]nless otherwise agreed to in writing Licensee shall pay WWE the total license fee due, whether or not the Programs are telecast, without any deduction or offset of any kind except as specified in the Agreement, and notwithstanding any claim Licensee may have or claim to have, and whether or not the Licensee becomes aware of such claim during or after the expiration of termination of the Agreement."

13.     Section A(2) of the Standard Terms and Conditions to the License Agreement provides in relevant part that CTHC "shall pay WWE interest on any late payment at the lesser of (i) an annual rate of 2% over the prevailing prime interest rate in effect at JP Morgan Chase, New York, New York, on the date on which the outstanding amount of such late payment should have been received by WWE or (ii) the highest amount of interest allowed by applicable law."

**Failure to Make Payments Due under the License Agreement**

14.     In accordance with the payment schedule in the License Agreement, WWE sent invoices to Defendants for payments due and owing under the License Agreement, including Invoice No. 95755 dated March 1, 2014 in the amount of $560,000.00, Invoice No. 97598 dated June 1, 2014 in the amount of $560,000.00, Invoice No. 99127 dated August 1, 2014 in the amount of $560,000.00, Invoice No. 100786 dated October 1, 2014 in the amount of $560,000.00, Invoice No. 102403 dated January 1, 2015 in the amount of $728,000.00, Invoice No. 102901 dated March 1, 2015 in the amount of $728,000.00, and Invoice No. 104680 dated

June 1, 2015 in the amount of $728,000.00.  A true and accurate copy of these invoices is attached as Exhibit C to the Complaint.

15.     Defendants never made any payments on the invoices sent by WWE that are attached as Exhibit C to the Complaint.

16.     CTHC also never provided WWE with the Bank Guarantee that was required by the License Agreement.

17.     WWE made several attempts in good faith to contact CTHC regarding its repeated failures to make the payments required by the License Agreement.

18.     By letter dated October 23, 2014, WWE provided CTHC with a formal notice that CTHC was in breach of the License Agreement for non-payment of outstanding license fees then totaling $2,240,000.00.

19.     By letters dated May 22, 2015, WWE demanded payment from CTH and CTHC for the outstanding license fees due under the License Agreement then totaling $3,969,000.00, plus the interest accrued thereon at the rate prescribed in Section A(2) of the Standard Terms and Conditions calculated from the date that each license fee was due.

20.     CTHC's outstanding balance under the License Agreement now totals at least $4,424,000.00, which does not include any interest to which WWE is entitled pursuant to Section A(2) of the Standard Terms and Conditions.

21.     To date, Defendants have not paid WWE any of the outstanding amounts due and owing under the License Agreement.

## COUNT ONE
## Breach of Contract Against CTHC

22.     WWE re-alleges each of the foregoing paragraphs as if set forth fully herein.

23.     The License Agreement constitutes a valid and enforceable contract between WWE and CTHC.

24.     WWE has complied with all of its obligations under the License Agreement.

25.     The License Agreement required CTHC to provide WWE with a Bank Guarantee in a specified amount each year during the term of the License Agreement and to provide WWE with copies of all documents evidencing such Bank Guarantee.

26.     CTHC did not provide WWE with the required Bank Guarantee or copies of documents evidencing a Bank Guarantee.

27.     CTHC's failure to provide WWE with the required Bank Guarantee or copies of documents evidencing the Bank Guarantee constitutes a breach of the License Agreement.

28.     The License Agreement required CTHC to pay to WWE license fees according to a specific payment schedule.

29.     CTHC did not pay to WWE the license fees that are due and owing under the License Agreement.

30.     CTHC's failure to pay to WWE the license fees that are due and owing under the License Agreement constitutes a breach of the License Agreement.

31.     WWE has been damaged by CTHC's breach of the License Agreement.

32.     WWE is entitled to payment of all amounts due and owing under the License Agreement, including interest on all outstanding amounts in accordance with the Standard Terms and Conditions of the License Agreement (at least $4,424,000.00 plus interest).

## COUNT TWO
### Account Stated Against CTH and CTHC

33.     WWE re-alleges each of the foregoing paragraphs as if set forth fully herein.

34.     WWE sent invoices to Defendants reflecting the amounts owed to WWE for license fees under the License Agreement.

35.     Defendants did not timely dispute the amounts owed to WWE on the invoices.

36.     Defendants never made any payments on the invoices sent by WWE that are attached as Exhibit C to the Complaint.

37.     WWE has been damaged by the failure of Defendants to make payments on the invoices that are attached as Exhibit C to the Complaint.

38.     WWE is entitled to payment of all amounts reflected on the invoices that are attached as Exhibit C to the Complaint.

## COUNT THREE
## Unjust Enrichment Against CTH

39.     WWE re-alleges each of the foregoing paragraphs as if set forth fully herein.

40.     CTH has been unjustly enriched by its retention of the license and television programs provided by WWE without paying for them.

41.     CTH's failure to pay WWE for the license and television programs provided by WWE was to WWE's detriment.

42.     WWE has been damaged by CTH's failure to pay for the license and television programs provided by WWE.

43.     WWE is entitled to full compensation for the benefits it has conferred upon CTH.

## COUNT FOUR
## Breach of Contract Against CTH Based on Piercing the Corporate Veil

44.     WWE re-alleges each of the foregoing paragraphs as if set forth fully herein.

45.     CTH is the parent company of CTHC and owns 99,997 out of the 100,000 shares of CTHC according to its shareholder list.

46.     Defendants have overlapping management and personnel.  Defendants share the same office space, address, website, and telephone number.  Defendants share the same core business operations.  Defendants do not deal with each other as arms-length companies.

47.     A representative of Defendants has even informed WWE that the companies are part of the same group and operate together.

48.     On information and belief, there was such a unity of interest and ownership between CTH and CTHC that the independence of CTHC had in effect ceased or had never begun, and an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting CTHC to escape liability arising out of an operation conducted by CTHC for the benefit of CTH.

49.     On information and belief, CTH completely dominated and controlled the finances, policy, and business practices of CTHC with respect to the License Agreement with WWE such that CTHC had no separate mind, will, or existence of its own.

50.     CTH's control over CTHC was used to commit a fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of WWE's legal rights by failing to make payments of the amounts owed under the License Agreement, thereby proximately causing damages to WWE.

51.     As a result, CTH is jointly and severally liable for the full amount owed to WWE by CTHC under the License Agreement.

## COUNT FIVE
### Breach of Contract Against CTH Based on Agency

52.     WWE re-alleges each of the foregoing paragraphs as set forth fully herein.

53.     CTH intended for CTHC to act as its agent and on its behalf in entering into the License Agreement and in its dealings with WWE.

-8-

54.     CTHC agreed to act as CTH's agent in entering into the License Agreement and in its dealings with WWE.

55.     CTH exercised control over CTHC in connection with the License Agreement and in its dealings with WWE.

56.     As a result, CTH is liable for the full amount owed to WWE by CTHC under the License Agreement.

## PRAYER FOR RELIEF

WHEREFORE, WWE hereby demands the following relief against Defendants:

(a)     Damages for unpaid license fees due under the License Agreement, at least in the amount of $4,424,000.00, which does not include any interest;

(b)     Interest on the total amount due as provided for in the License Agreement;

(c)     Damages for any additional unpaid license fees owed under the License Agreement through the date of judgment;

(e)     Interest on any additional amounts owed through the date of judgment as provided by the License Agreement;

(f)     Prejudgment interest and post-judgment interest;

(g)     Attorney's fees and costs; and

(h)     Such other relief as this Court may deem just and proper.

A JURY TRIAL IS HEREBY DEMANDED.

PLAINTIFF WORLD WRESTLING
ENTERTAINMENT, INC.

By: _/s/   Jeffrey P. Mueller_____
    Jonathan B. Tropp (ct11295)
    Jeffrey P. Mueller (ct27870)
    Day Pitney LLP
    242 Trumbull Street
    Hartford, CT 06103
    Phone: (860) 275-0100
    Fax: (860) 275-0343
    Email: jbtropp@daypitney.com
    Email: jmueller@daypitney.com
    Its Attorneys